IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

GALVESTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | CRIMINAL NO. G-99-10 (13) |
| | § | CIVIL ACTION NO. G-03-078 |
| DEMETRIOUS SANDFORD | § | |

### **OPINION AND ORDER**

On October 18, 2005, the United States Court of Appeals for the Fifth Circuit issued, as a mandate, its Judgment which vacated everything that occurred in this case following the filing of the Section 2255 Motion by Demetrious Sanford on January 30, 2003. Since the time for seeking a Rehearing has passed, the District Court must address the merits of Sanford's § 2255 Motion.

On November 15, 2005, Sanford filed a Motion seeking appointment of counsel and permission to amend his § 2255 Motion. The instant Motion will be denied in part and granted in part.

Attorney Richard E. Banks was representing Sandford during his most recent appeal; however, the effect of the Judgment of the Court of Appeals was to vacate that appointment. Since Sandford is now, once again, pursuing *collateral* relief, he has no constitutional right to be represented by counsel. United States v. Vasquez, 7 f.3d 81, 83 (5th Cir. 1993) Furthermore, this Court, through experience, is convinced that Sandford possesses sufficient skill and intelligence to represent himself through the preliminary stages of the prosecution of his motion. Therefore, unless or until the Court determines that an Evidentiary Hearing will be necessary or that this case has become unduly complex, Sandford's request for appointment of counsel (Instrument no. 703) is **DENIED**.

Sandford's motion to amend his § 2255 motion (Instrument no. 703) will be **GRANTED** as herein modified.  Sandford **SHALL** have until **December 30, 2005**, to supplement his pending § 2255 Motion by submitting his briefing in support of his two new claims:  (1) any alleged Rule 11 violations and (2) the failure of the District Court to expressly accept his guilty plea.  By granting Sandford's modified motion to amend, the Court is expressing absolutely no opinion regarding the merits of any of Sandford's claims, the timeliness of Sandford's original § 2255 motion, or whether his supplemental claims relate back to his original motion for purposes of the one-year limitations period.  Mayle v. Felix, ___ U.S. ___, 162 L.Ed 2d 582, 590 (2005)

**DONE** at Galveston, Texas, this      22nd      day of November, 2005.

_____
John R. Froeschner
United States Magistrate Judge